IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:18-CV-00904

EDWARD GALLUZZO,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

## COMPLAINT FOR BREACH OF CONTRACT

Plaintiff Edward Galluzzo brings this Complaint against Defendant GEICO General Insurance Company ("Defendant GEICO") through counsel, The Paul Wilkinson Law Firm. As grounds, Plaintiff states as follows:

### Introduction

1. Plaintiff Edward Galluzzo ("Plaintiff") seeks compensatory damages arising from injuries, damages, and losses sustained as a direct result of the negligence, carelessness, and/or recklessness of at-fault driver, Leonard Guenette.

2. On April 25, 2013, Plaintiff was injured when Mr. Guenette negligently, carelessly, and/or recklessly operated his motor vehicle, thereby causing a collision with the vehicle in which Plaintiff was a passenger.

3.  Upon information and belief, at that time and place, Mr. Guenette failed to slow his vehicle and stop for traffic thereby causing a collision with the vehicle in which Plaintiff was a passenger.

4.  As a direct, foreseeable, and proximate result of the April 25, 2013 collision, Plaintiff suffered and will suffer injuries, damages, and losses described herein.

5.  Plaintiff accepted a policy limits settlement from Mr. Guenette's insurance carrier in the amount of $10,000.00.

6.  Plaintiff has made a claim for underinsured motorist benefits from Defendant GEICO.

## Parties, Jurisdiction, and Venue

7.  At all times material hereto, Plaintiff was a citizen of Colorado.

8.  At all times material hereto, Defendant GEICO is an insurance company incorporated in Maryland, having its principal place of business in Chevy Chase, Maryland. Therefore Defendant GEICO is a citizen of the State of Maryland.

9.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim for insurance coverage occurred in the District of Colorado, the underlying controversies giving rise to the claim for insurance coverage occurred and are currently proceeding in Colorado, and such claims arise under Colorado law. Additionally, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant GEICO does business and has substantial contacts in the State of Colorado, and therefore is subject to the Court's personal jurisdiction in the District of Colorado.

**Factual Allegations**

11. At all times relevant, Plaintiff was a resident of the unincorporated community of Pine, County of Jefferson, and State of Colorado.

12. Upon information and belief, at all times relevant, Defendant GEICO was a foreign corporation incorporated in Maryland with its principal place of business in Chevy Chase, Maryland, that has offices and conducts business in the State of Colorado.

13. Upon information and belief, at all times relevant, Defendant GEICO conducted business in the State of Colorado.

14. Upon information and belief, at all times relevant, Defendant GEICO's principal office street address is 5260 Western Avenue, Chevy Chase, Maryland 20815.

15. Upon information and belief, at all times relevant, Defendant GEICO'S agent to accept service is The Corporation Company, 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

16. This incident occurred in the state of Florida.

17. On or about April 25, 2013 at approximately 5:15 p.m., Mr. Galluzzo was a passenger in a 2004 Honda SUV driven by Jackie Follner.

18. At that time and place, the vehicle in which Plaintiff was a passenger was on the causeway headed to the Tampa Airport.

19. At that time and place, Mr. Galluzo's vehicle slowed or stopped for traffic.

20. Upon information and belief, at that time and place, Mr. Guenette was driving a motor vehicle behind Ms. Follner's vehicle.

21. Upon information and belief, at that time and place, Mr. Guenette failed to timely stop his vehicle, thereby colliding with the rear of Ms. Follner's vehicle.

22. Mr. Guenette was the sole cause of the collision.

23. Plaintiff did not fail to mitigate his damages.

24. At the time of the subject collision, Plaintiff was covered by an underinsured motorist (UIM) insurance policy through Defendant GEICO, specifically Policy No. 033984641-0101-016, with UIM limits of $100,000 per person and $300,000 per collision.

25. At the time of the April 25, 2013 collision, all premiums due on the Policy had been paid.

26. Defendant GEICO has an obligation to provide UIM coverage in accordance with the requirements of Florida law.

27. Plaintiff is entitled to recover underinsured motorist benefits pursuant the terms of the Policy.

28. Plaintiff has significant collision-related medical bills, economic and non-economic damages and losses for which he has not been compensated.

29. Plaintiff has attempted to obtain his benefits from GEICO on several occasions since 2016 to the present.

30. Plaintiff has provided Defendant GEICO with ample time and evidence to substantiate his claim for UIM benefits.

31. Defendant GEICO has improperly denied benefits to its insured on numerous occasions.

32. Defendant GEICO is legally required to investigate Plaintiff's claim in a light most favorable to the Plaintiff.

33. Defendant GEICO has failed to investigate Plaintiff's claim in a light most favorable to the Plaintiff.

34. Defendant GEICO is legally obligated to appropriately evaluate Plaintiff's UIM claim.

35. Defendant GEICO has failed to appropriately evaluate Plaintiff's UIM claim.

36. Defendant GEICO is legally obligated to pay all benefits for which Plaintiff is eligible.

37. Defendant GEICO has failed to pay all benefits for which Plaintiff is eligible.

38. Defendant GEICO is legally obligated to pay all benefits for which Plaintiff is eligible in a timely manner.

39. Defendant GEICO has failed to pay all benefits for which the Plaintiff is eligible in a timely manner.

## CLAIM FOR RELIEF

### (Breach of Contract – Underinsured Motorist Coverage)

40. Plaintiff incorporates the above and below paragraphs by reference.

41. At the time of the collision, Plaintiff was insured by a contract of insurance with Defendant GEICO.

42. Specifically, at all times relevant, Plaintiff was insured by Defendant GEICO pursuant to Policy No. 033984641-0101-016, with UIM limits of $100,000 per person and $300,000 per collision.

43. Plaintiff's UIM insurance contract with Defendant GEICO provides that Defendant GEICO shall pay sums that an insured person is legally entitled to recover as damages from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury sustained by the insured person.

44. An uninsured/underinsured motor vehicle is a motor vehicle that carries no insurance or is insured by a bodily injury liability bond or policy at the time of the accident that provides coverage in amounts less than the limits of uninsured motorist coverage.

45. At the time of the collision, the at-fault driver was an underinsured motorist within the definition above.

46. Accordingly, Plaintiff is entitled to receive the coverage from Defendant GEICO for which he is eligible with respect to the injuries, wage loss, loss of earning potential, non-economic damages, harms, and losses sustained in the April 25, 2013 collision.

47. Defendant GEICO owes Plaintiff a duty to pay necessary coverage for which Plaintiff is eligible, as Plaintiff is a Class II insured.

48. Defendant GEICO breached its contract with Plaintiff by failing to pay all the benefits for which Plaintiff is eligible.

49. Defendant GEICO breached its contract with Plaintiff by failing to pay the benefits compensating Plaintiff for all of his accident related damages.

50. As a direct consequence of Defendant GEICO's breach of contractual duties to its insured, Plaintiff suffered injuries, economic damages, non-economic damages, harms, and losses for which Defendant is legally liable including, but not limited to, additional litigation costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff and against Defendant, in an amount to fairly and reasonably compensate him for his injuries, damages, harms, and losses resulting from this incident, including, but not limited to, medical expenses, lost wages, loss of earning capacity, pain and suffering, permanent impairment, loss of enjoyment of life, litigation costs, emotional distress, statutory interest, and for such other relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands a jury trial for all issues so triable.

Respectfully submitted this 17th day of April, 2018

**The Paul Wilkinson Law Firm, LLC**

*This pleading was filed electronically pursuant to Rule 121, § 1-26.  The original signed pleading is in counsel's file.*

By:   */s/ Jonathan D. Stine*
      Jonathan D. Stine, Esq., #38925
      **The Paul Wilkinson Law Firm, LLC**
      3900 E. Mexico Ave., Suite 500
      Denver, CO 80210
      (303) 333-7285
      Jonathan@pwlfllc.com
      *ATTORNEY FOR PLAINTIFF GALLUZZO*

**Plaintiff's Address:**
PO Box 485
Pine, CO 80470